**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
David A. Melton, SBN 176340
Colleen R. Howard, SBN 257661
Ashley M. Wisniewski, SBN 264601
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE SAGADIN, | CASE NO: 3:14-cv-03781-EDL |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS** |
| v. | |
| J.C. PENNEY CORPORATION, INC. DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. _____/ | |

Plaintiff CELESTE SAGADIN and defendant J.C. PENNEY CORPORATION, INC., (hereafter collectively referred to as the "Parties") hereby agree as follows:

1.  In this action, the Parties may be required to disclose confidential information. The Parties agree that good cause exists for such confidential information to be protected from unnecessary disclosure. In order to avoid unnecessary litigation regarding the disclosure of such confidential information and to facilitate the exchange of information in this litigation, the Parties agree to this Protective Order to accomplish these tasks.

/ / /

/ / /

{01347316.DOCX}   1
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

2. For purposes of this Stipulation and Protective Order, the Parties agree that the definition of "Confidential Information" shall include:

    a. Proprietary information, including, but not limited to, all financial data concerning the Parties, including tax information, to the extent that such information has not already been made known to the general public;

    b. Other proprietary information of a commercial nature that the Producing Party believes, in good faith, constitutes a trade secret under applicable law or may jeopardize the security of commercial, financial, security or other proprietary information;

    c. Personal information relating to individual persons, including personal health or finance information or other information that the Producing Party believes, in good faith, may implicate privacy laws if further disseminated.

3. "Producing Party" means any party or third party that produces documents or information as part of the parties' informal discovery process to advance settlement discussions or pursuant to discovery requests, in support of dispositive motions, or otherwise, in the course of this litigation.

4. Any Producing Party may designate as "CONFIDENTIAL" any material, documents, or discovery responses, testimony or other information, which constitutes or contains Confidential Information, as follows:

    a. Documents containing Confidential Information, which are produced as part of the parties' informal discovery process or in response to document requests, subpoenas, or otherwise, shall be parked by the Producing Party with the following legend: CONFIDENTIAL.

    b. Any other Confidential Information conveyed by the Producing Party during this litigation, if in written or other tangible form, shall be marked with the legend set forth in subparagraph 4(a) above, or if in oral or other intangible form, identified as: Confidential Information.

5. This Order permits designation as Confidential Information that information as to which the Producing Party entertains a good faith belief that the information satisfies the definition of Confidential Information contained in Paragraph 2.

{01347316.DOCX}  2

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

6. Persons receiving Confidential Information shall use it solely for the purpose of this litigation. Confidential Information shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by written agreement of the Producing Party.

7. A person having custody of Confidential Information shall maintain it in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

8. Confidential Information may not be disclosed to any person other than:

   a. Attorneys for the Parties;

   b. Experts or consultants of a Party, provided the requirements of paragraph 7 of this Order are met; and

   c. Before a judge, jury, and/or neutral for purposes of trial or mediation only.

9. Within thirty days after the conclusion of this litigation, including all appeals, all documents designated as CONFIDENTIAL, all copies of such documents, in the possession, custody, or control of the Parties and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Producing Party. Upon request, a party and its counsel shall separately provide written certification to the Producing Party that the actions required by this paragraph have been completed. Upon request, a Producing Party may require that all CONFIDENTIAL documents, including any copies of CONFIDENTIAL documents, are returned within 14 days to the Producing Party.

10. This Order shall be without prejudice to the right of any party (a) to oppose production of any information on any grounds allowed under the Federal Rules of Civil Procedure, and decisional authority, (b) to use its own Confidential Information in any manner that Producing Party desires, or (c) to seek and obtain, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate.

11. Any violation of the terms of this Protective Order may result in the imposition of such relief as the Court deems appropriate. All provisions of this Stipulation shall be binding on the Parties at signing, whether the Court enters the Stipulation as an Order or not. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be

{01347316.DOCX}                                            3
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

binding after the conclusion of this action, including all appeals, unless otherwise agreed or ordered. The Court shall retain jurisdiction to enforce this Protective Order beyond the conclusion of this litigation, including personal jurisdiction over all persons subject to this Order.

    IT IS SO STIPULATED.

Dated: January 6, 2015    PORTER SCOTT
A PROFESSIONAL CORPORATION

By    /s/
    Colleen R. Howard
    Attorney for Defendants
    J.C. PENNEY CORPORATION, INC.

Dated: January 6, 2015    FLAHAVAN LAW OFFICE

By    /s/
    Brian T. Flahavan
    Attorney for Plaintiff
    CELESTE SAGADIN

**IT IS SO ORDERED.**

DATED: January 7, 2015    *[signature: Elizabeth D. Laporte]*
UNITED STATES DISTRICT COURT JUDGE

{01347316.DOCX}    4
**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**